IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHERYL MURRY, Ind. and as Adm.** :<br>**of the Estate of Semaj Araus, deceased,** :<br>  :  Case No. 20-cv-2964-JMY<br>**vs**.  :<br>  :<br>**CSX TRANSPORTATION and** :<br>**SOUTHEASTERN TRANSPORTATION** :<br>**AUTHORITY.** : | |

MEMORANDUM

**YOUNGE, J.**                                                                          **SEPTEMBER 8, 2020**

**I.     INTRODUCTION:**

Currently before this Court is Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c).  (ECF No. 6.)  This Court will grant the pending motion to remand because the Notice of Removal (ECF No. 1) filed by CSX Transportation (CSXT) was procedurally defective.

**II.    PROCEDURE:**

Plaintiff filed this action in the Philadelphia Court of Common Pleas by Writ of Summons in November of 2019.  (Civil Docket Report No. 191103645, ECF No. 1-2.)  On June 1, 2020, Plaintiff filed a Complaint in which Plaintiff alleges various theories of liability under Pennsylvania's Wrongful Death and Survival Act.  (Compl. ¶¶ 22-25, 29-30.)  On June 19, 2020, CSXT filed a Notice of Removal in which it alleged that removal was proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity exists between Plaintiff and CSXT and the amount in controversy exceeds $75,000.  (Notice of Removal ¶ 15.)  CSXT further alleges that Plaintiff fraudulently joined Southeastern Transportation Authority (SEPTA) to this action in an attempt to defeat diversity jurisdiction.

### III. SUMMARY OF RELEVANT FACTS:

The action arises from an accident in which eleven-year-old decedent, Semaj Araus, was struck and killed by a train operated by CSXT. (Compl. ¶ 9, ECF NO. 1-1.) At the time of the accident, the decedent was walking along the Olney Avenue Bridge, located in Philadelphia, Pennsylvania. (*Id*.) The Olney Avenue Bridge is a railroad bridge designed to carry train traffic. (*Id*. ¶ 8.) However, it is alleged that decedent was "traversing [a] well-worn and regularly utilized pedestrian path upon [the] rail line right-of-way . . . and was at approximately the mid-way of the 130 foot bridge when [he was struck by a freight train operated by CSXT]." (*Id*. ¶ 8-9.)

The Plaintiff is a resident of Philadelphia, Pennsylvania. (*Id*. ¶ 1.) SEPTA is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (*Id*. ¶ 2.) CSXT is a Virginia Corporation with its principal place of business in Florida. (Notice of Removal ¶ 17.)

In the Complaint, Plaintiff specifically alleges:

> At all times material and relevant to the instant matter, the Defendant, SEPTA, owned, operated and was otherwise responsible for the Olney Avenue Bridge, located above East Olney Avenue east of North Mascher Street in Philadelphia, Pennsylvania just south of the Olney commuter rail station owned and operated by the Defendant, SEPTA.

(Compl. ¶ 6.)

Plaintiff further alleges:

> The Olney Avenue Bridge was maintained by Defendant, SEPTA, with a combination of excessively dangerous conditions, which the Defendant was or should have been reasonably certain would cause a pedestrian to be trapped upon said bridge, in the path of a train and unable to avoid said train, thereby constituting willful and wanton conduct.

(Compl. ¶ 13.)

Critical to any analysis of whether SEPTA was properly named as a Defendant is Plaintiff's assertion that SEPTA regularly operated commuter trains that traveled on routes over the Olney Avenue Bridge.  (Plaintiff's Reps. to Mot. to Strike p. 2, ECF No. 19.)  In support of this argument, Plaintiff offered a map illustrating dual ownership of the track routes leading up to and across the Olney Avenue Bridge.  (Resp. to Mot. to Dismiss Ex. H, ECF No. 13-8.)

**IV.    STANDARD:**

The doctrine of fraudulent joinder is an exception to the requirement of complete diversity as a prerequisite for removal.  The diverse defendant in a state court action may remove the case if it "can establish that the non-diverse defendants were fraudulently named or joined solely to defeat diversity jurisdiction."  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).  It is well established that a party shall be dismissed and its citizenship ignored if it is fraudulently joined in an attempt to defeat federal subject matter jurisdiction.  *Boyer v. Snap-on-Tools Corp*, 913 F.2d 108, 111 (3d Cir. 1990).  Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant."  *Id*.  A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).  In determining whether fraudulent joinder of a party exists, the court must look to the substantive law of the relevant state or states to determine if there is a colorable cause of action against that party.  *Boyer*, 913 F.2d at 111.  The Court of Appeals has stated, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Boyer*, 913 F.2d at 111; *Batoff*, 977 F.2d at 851.

Our Court of Appeals has emphasized that the standard for determining whether a party is fraudulently joined is higher than the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, the court does not treat the issue of fraudulent joinder as if it were simply making a merits determination on a motion for summary judgment.  *Boyer*, 913 F.2d at 112.  A defendant asserting fraudulent joinder bears a heavy burden of persuasion. *Id.* "The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolv[ing] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.*  In conducting its analysis, the court is not required to accept blindly the factual allegations of the complaint.  It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous.  *In Re Briscoe*, at 219-220; *See Reith v. Teva Pharmaceuticals USA, Inc.*, Nos. 18-3987 & 18-3992, 2019 WL 1382624 *3 (permitting limited discovery on the issue of fraudulent joinder).

**V.     DISCUSSION:**

Removal of this action was procedurally defective because both SEPTA and Plaintiff are citizens of Pennsylvania, and SEPTA was not fraudulently joined.  The Supreme Court has stated, "A Defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state."  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  28 U.S.C. § 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties

in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The fraudulent joinder argument made by CSXT is unpersuasive. The fraudulent joinder argument made by CXST is based on its admission that it owned the Olney Avenue Bridge at the time of the accident. (Notice of Removal ¶ 31.) Therefore, it argues that SEPTA cannot be held liable for this accident, because SEPTA did not own the bridge where the accident occurred, and the decedent was not struck by a SETPA train. (*Id.* ¶¶ 31-34.)

The argument made by CSXT ignores Plaintiff's allegation that SETPA trains regularly travel on tracks along the Olney Avenue Bridge. (Resp. to Mot. to Dismiss, Ex. E. (Map showing dual tracks).) The map of the accident site offered by the Plaintiff suggests, at the very least, that SEPTA had an easement in relationship to the Olney Avenue Bridge that could give rise to potential liability if it were found to be a possessor of property under Pennsylvania law. *See Leichter v. Eastern Realty Co.*, 358 Pa. Super. 189, 193 (Pa. Super. 1986) ("We hold that the question of whether the holder of an easement is a "possessor" is a question for the fact-finder.").

In *Stanton v. Lackawanna Energy Ltd.*, 548 Pa. 550, 566 (2005), the Pennsylvania Supreme Court cited to the Restatement (Second) of Torts, Section 328E and wrote,

> In matters involving possessor liability for injuries upon the land, this Court has determined that an owner of an easement is generally considered a possessor of property and is required to maintain its easement. Accordingly, this Court has held that an easement holder is subject to the same liability as any other possessor of the premises. *See Felder v. Duquesne Light Co.*, 441 Pa. 421 (Pa. 1971) (easement holder held to same liability as "possessor" of land under Section 339 of Restatement (Second) of Torts (1965), dealing with artificial conditions highly dangerous to trespassing children); *Cooper v. City of Reading*, 392 Pa. 452 (Pa. 1958); *see also Leichter v. Eastern Realty Co.*, 516 A.2d 1247 (Pa. Super. 1986) (retailer holding easement over commercial parking lot co-extensive with easements held by other retailers had sufficient control over property to incur liability to invitees under Restatement (Second) of Torts, Section 344, concerning business premises open to the public).

*Id*. at 567.

## VI.   CONCLUSION:

Since complete diversity of citizenship is lacking, this Court does not have jurisdiction to decide whether sovereign immunity or other statutory immunities apply to bar Plaintiff's claim. This action will be remanded to the Philadelphia Court of Common Pleas. An appropriate order will be entered.

By the Court:

 /s/ John Milton Younge
Judge John Milton Younge